FILED
MAR 1 6 2015
CLERK, U.S. DISTRIC. COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LT. COL. CLARENCE LEE, SR. and ANGELIA LEE, both individually and as next friends of C.L., a minor <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant | CIVIL ACTION NO. <br> SA-08-CA-531-OG |

**O R D E R**

Pending before the Court is Plaintiffs' Motion for Judgment (Dkt. # 136), the United States' response (Dkt. # 139, 142), and Plaintiffs' reply (Dkt. # 140, 143). The Court held a hearing and the parties were allowed to present evidence and oral argument. (Dkt. # 145). Neither party presented any witnesses. The Court has reviewed the record and the applicable law, and finds that Plaintiffs' motion should be granted and judgment should be entered in Plaintiffs' favor, as follows:

I.

This case is at the post appeal stage, and the only remaining issue is periodic payments. On appeal, the government did not challenge the Court's findings on liability, the amount of damages awarded, the percentage of attorneys fees awarded, or the amount of costs awarded. The only two issues that the government raised on appeal were periodic payments and post judgment interest. The issue of post judgment interest and when it begins to accrue is settled, and the judgment will reflect same.

1

II.

When this Court initially rejected the government's suggestion of periodic payments, the Court relied on the Fifth Circuit opinion in *Vanhoy v. United States*, 514 F.3d 477 (5th Cir. 2008). On appeal, the Fifth Circuit held that "[a]lthough, at first glance, *Vanhoy* appears to foreclose the government's request, the Texas periodic payment scheme is distinguishable from the statute at issue in *Vanhoy*." *Lee v. United States*, 765 F.3d 521, 528 (5th Cir. 2014). The Fifth Circuit then turned to the Fourth Circuit opinion in *Cibula v. United States*, 664 F.3d 428 (4th Cir. 2012) for guidance, and instructed that this Court craft a remedy that approximates the state periodic payment statute, to include a reversionary trust. *Id.* at 527, 529.

Plaintiffs have proposed a plan that is consistent with *Cibula* and the Texas statutory scheme. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.503 (Vernon 2011).[1] The government

---

[1]The statute provides:

(a) At the request of a defendant physician or health care provider or claimant, the court *shall* order that *medical, health care, or custodial services* awarded in a health care liability claim be paid *in whole or in part* in periodic payments rather than by a lump-sum payment.

(b) At the request of a defendant physician or health care provider or claimant, the court *may* order that future damages other than medical, health care, or custodial services awarded in a health care liability claim be paid in whole or in part in periodic payments rather than by a lump sum payment.

(c) The court shall make a specific finding of the dollar amount of periodic payments that will compensate the claimant for the future damages.

(d) The court shall specify in its judgment ordering the payment of future damages by periodic payments the:

    (1) recipient of the payments;
    (2) dollar amount of the payments;
    (3) interval between payments; and
    (4) number of payments or the period of time over which payments must be made.

TEX. CIV. PRAC. & REM. CODE § 74.503 (emphasis added).

does not object to Plaintiffs' plan except with respect to the issue of non-taxable costs of litigation.[2] Plaintiffs seek to have their non-taxable costs of litigation paid up front as part of an initial lump sum.[3] The government, with no supporting authority, argues that costs of litigation incurred years ago should be paid by the government "over time," along with monies awarded for future medical, health care, and custodial services, which will be put in a reversionary trust. Neither the Fifth Circuit in this case nor the Fourth Circuit in *Cibula* discussed payment of litigation costs, and the Texas periodic payment statute is silent on the issue. The only mandate is that the district court order periodic payments for "*at least a portion of the damages for medical care*" and include findings regarding same in the judgment. *Id.* at 529 (emphasis added).

It is *axiomatic* that costs incurred in the prosecution of a lawsuit are paid up front out of the plaintiffs' recovery, and the government has provided no reason why litigation costs should be paid over time in future periodic payments.[4] Thus, the government's sole objection is overruled. The Plaintiffs' proposed periodic payment plan is well-devised: it meets the mandate of the Fifth Circuit; it meets the requirements set forth in the Texas statute; it is consistent with the plan in *Cibula*; it is in the best interest of the minor child; and it provides the government with a reversionary interest.

---

[2]Initially, counsel for the government seemed to object to Plaintiffs' proposed schedule of payments as not extending payments over the expected life span of C.L., but perhaps he did not read Plaintiff's schedule, which extends payments through age 59 (Dkt. # 136, Exh. A, Schedule B to proposed Decree Establishing the C.L. Reversionary Trust). The government's proposed schedule extends payments through age 58. (Dkt. # 142, Exh. 5).

[3]The non-taxable costs of litigation have been documented, and the government does not dispute the amounts reflected therein (Dkt. # 136, Declaration of J. Alsaffar and itemized list of expenses).

[4]Nor has the government proposed a vehicle for such payments.

It is therefore ORDERED that Plaintiffs' Motion for Judgment (Dkt. # 136) is GRANTED. Within ten (10) days from the date below, the parties shall submit (but not file) a proposed form of judgment with all the necessary findings, along with all orders and other documents necessary to effectuate the trusts and implement the periodic payment plan. Plaintiffs' counsel will prepare the documents, and counsel for the government must thoroughly review them prior to submission to the Court.

SIGNED AND ENTERED this 16 day of March, 2015.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE