IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 0 1 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| LT. COL. CLARENCE LEE, SR. and ANGELIA LEE, both individually and as next friends of C.L., a minor <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant | CIVIL ACTION NO. <br> SA-08-CA-531-OG |

# ORDER

This case was remanded by the Fifth Circuit in September 2014 for the purpose of correcting the date on which post judgment interest begins to accrue and to craft a remedy that allows the Government to pay part of the damage award in periodic payments rather than a lump sum. The parties were ordered to mediate these narrow issues and they could not reach an agreement.

In December 2014, Plaintiffs filed their motion to enter judgment, with the proposed form of judgment and trust documents attached thereto. The Government did not tender to the Court any alternative form of judgment or alternative trust documents and the Government's only substantive objection was the payment of costs of litigation up front rather than in periodic payments. The Court held a hearing on February 26, 2015, and the Government voiced no other objections to the form of judgment or the proposed trust documents.

1

The Court granted Plaintiffs' motion for entry of judgment on March 16, 2015, but gave counsel yet another opportunity to make any last comments before entering final judgment. For the first time, the Government voiced substantive objections to one of the trust documents in question. While these objections were untimely and should have been asserted previously, the Court held a hearing on April 23, 2015 for the purpose of allowing the Government to put any remaining objections on the record. Plaintiffs responded with oral argument, and their expert on trusts testified as well.

After reviewing the record and hearing the parties' arguments and the testimony of Plaintiffs' expert, the Court finds that the Government's objections lack merit and should be overruled. The Fifth Circuit instructed this Court to craft a periodic payment schedule for a least part of the damages previously awarded to Plaintiffs that approximates the state periodic payment statute and includes a reversionary trust. The Court has followed the Fifth Circuit's instructions and the Texas statute.

As reflected in the final judgment, the Government must pay a sum certain into a Reversionary Trust. In turn, periodic payments will be paid out of the Reversionary Trust as set forth in the attached schedule. When the monies are paid out of the Reversionary Trust, there must be some vehicle for receiving, holding, and protecting the funds for CL, a minor child. The family, their counselors, and their trust expert have decided that a trust drafted to qualify as a Special Needs Trust will best serve CL's needs.[1] The Government objects to the establishment

---

[1] Plaintiffs' trust expert testified that the trust prepared for CL is considered a springing special needs trust. If at any time CL is disabled (as defined by applicable law), CL may file an application to receive means-tested public benefits or assistance under a state or federal program. The trust is drafted to qualify as a special needs trust and, in that case, the assets of the trust will not be counted as a resource against CL for determining eligibility for such benefits or assistance. On the other hand, if it turns out that CL is not disabled and is able to engage in substantial gainful activity in the future, including after a

of a Special Needs Trust to protect the funds for CL after monies are paid out of the Reversionary Trust. The Government argues that it is "inappropriate in cases against the United States," yet fails to offer any relevant legal authority for its arguments.[2]

The funds must go somewhere when paid out of the Reversionary Trust. The funds cannot be paid directly into the hands of the minor child or his parents. The Government has offered no viable alternative to the trust proposed by Plaintiffs. The CL Special Needs Trust is being established for the minor child's benefit to hold and protect his assets *after* funds are paid out of the Reversionary Trust. This is in the best interests of the child and final judgment should be entered without further delay.

SIGNED AND ENTERED this __1st__ day of June, 2015.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

transplant or transplants, then the trustee will administer the trust as a discretionary trust and will make distributions for the health, education, maintenance and support of CL. If CL ever receives any means-tested public benefits or assistance under a state or federal program such as Medicaid, then, upon termination of the trust, the trustee shall reimburse the State of Texas or any other state up to the medical expenses paid by the program for the benefit of CL. If any assets remain after such reimbursement, the trustee will distribute such remaining assets to the personal representative of CL's estate.

[2] The Court gave the Government one more chance after the last hearing to submit any legal authority in support of its arguments and nothing was submitted. The Government has had the proposed form of judgment and trust documents in its possession since December 2014 and has repeatedly failed to substantiate any of its objections with relevant legal authority.